IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE PLUMBERS AND      :
GASFITTERS LOCAL 5 RETIREMENT
SAVINGS FUND, et al.              :

    v.                            :   Civil Action No. DKC 10-2356

                                  :
CONDITIONED AIR SYSTEMS, INC.
                                  :

**MEMORANDUM OPINION**

Plaintiffs – trustees for several employee benefit plans and one labor union – filed suit against Defendant Conditioned Air Systems, Inc. ("Conditioned Air") on August 26, 2010. (ECF No. 1). Plaintiffs contend that Conditioned Air failed to make certain payments to the benefit funds and neglected to forward certain dues and work assessments to the union. The complaint seeks an unspecified amount of damages and a payroll audit.

A few months after they filed their complaint, Plaintiffs filed a "consent motion for entry of judgment," requesting that the court enter judgment for Plaintiffs for $88,041.89. (ECF No. 5). That motion – as well as the proposed "final judgment by consent" attached to it – were signed by counsel for Plaintiffs and the President of Conditioned Air, Richard Putnam. (ECF Nos. 5, at 2; 5-1, at 2). Because no counsel for Conditioned Air signed the motion, the court issued a notice on December 20, 2010, which reminded the parties that corporations

may only appear through counsel. (ECF No. 6). *See also* Local Rule 101.1 ("All parties other than individuals must be represented by counsel."). Plaintiffs then filed an "unopposed motion for entry of judgment." (ECF No. 7). This second request for a judgment is identical in all material respects to the first motion, save three key revisions: it drops the word "consent" from the title of the motion, it omits Putnam's signature, and it does not attach the settlement agreement. (*Id.*). Both motions are now pending.

As the court signaled in the prior paperless notice, the consent motion must be denied because Conditioned Air is not represented by counsel. The Local Rules require Conditioned Air to have an attorney. "Those rules have the force of law." *Hollingsworth v. Perry*, 130 S.Ct. 705, 711 (2010) (quotation marks omitted). Even putting the Local Rules aside, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Indeed, "almost every court to address this issue has held that a corporation may not appear pro se." *Allied Colloids, Inc. v. Jadair, Inc.*, No. 96-2078, 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998); *accord Greater Se. Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4-5 (D.C. Cir. 2009); *United States v. Hagerman*, 545 F.3d

579, 581 (7th Cir. 2008); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008).

Because Conditioned Air has not entered a valid appearance, it follows that it cannot yet offer its consent to the motion for judgment filed by Plaintiffs. And, of course, a court may not enter a consent judgment against a party that has not agreed. *Cf. Local Rule 93, Int'l Ass'n of Firefighters v. Cleveland*, 478 U.S. 501, 529 (1986) ("[A] court may not enter a consent decree that imposes obligations on a party that did not consent to the decree."). Consequently, the court has no power to grant the "consent" motion to approve the "consent" judgment. *See, e.g.*, *Northeastern Lumber Mfg. Ass'n v. NLM Enters., Inc.*, No. 08-CV-568S, 2009 WL 1204348, at *2 (W.D.N.Y. Apr. 30, 2009) (noting court's prior decision rejecting a proposed consent judgment, where one party was an unrepresented corporation); *Consteel Erectors, Inc. v. Scharpf's Constr., Inc.*, No. 4:08CV3038, 2008 WL 4568079, at *6 & n.14 (D.Neb. Oct. 10, 2008) (refusing to approve proposed consent judgment, where one party was unrepresented corporation); *N.Y. State Teamster Conference Pension & Ret. Fund v. Comac Builders Supply Corp.*, 5:06-CV-208, 2008 WL 150515, at *4 (N.D.N.Y. Jan. 14, 2008) (same).

Plaintiffs' "motion for entry of judgment" suffers from the same deficiencies as the putative consent motion. Again, it requests judgment because "[t]he Defendant has agreed to the

3

Court entering final judgment against it pursuant to Rule 58." (ECF No. 7 ¶ 4). Again, it attaches a proposed judgment for a fixed sum. (ECF No. 7-1). Again, it must be denied. Conditioned Air, having not yet entered an appearance, is not yet in any position to agree to a judgment. Recharacterizing the motion as "unopposed" rather than "by consent" does not fix the problem.

For the foregoing reasons, Plaintiffs' motions for entry of judgment (ECF Nos. 5, 7) will be denied, albeit without prejudice. Either Conditioned Air can enter an appearance and consent through counsel or Plaintiffs may pursue other avenues, such as default or summary judgment. A separate order will follow.

                                                  /s/
                              DEBORAH K. CHASANOW
                              United States District Judge